Matthew Franklin Jaksa (CA State Bar No. 248072)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
Telephone:   (415) 268-2000
Facsimile:    (415) 268-1999
Email:         matt.jaksa@hro.com

Attorneys for Plaintiffs,
UMG RECORDINGS, INC.; ARISTA RECORDS LLC; LAFACE RECORDS LLC; ZOMBA RECORDING LLC; CAPITOL RECORDS, INC.; SONY BMG MUSIC ENTERTAINMENT; and BMG MUSIC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; LAFACE RECORDS LLC, a Delaware limited liability company; ZOMBA RECORDING LLC, a Delaware limited liability company; CAPITOL RECORDS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and BMG MUSIC, a New York general partnership,<br><br>           Plaintiffs,<br><br>    v.<br><br>JOHN DOE,<br>           Defendant. | CASE NO. 3:08-CV-01192-WHA<br><br>**Honorable William H. Alsup**<br><br>*EX PARTE* **APPLICATION TO CONTINUE CASE MANAGEMENT CONFERENCE AND [PROPOSED] ORDER** |

Plaintiffs respectfully request that the Court continue the case management conference currently set for June 5, 2008 at 3:00 p.m. to September 4, 2008. As set forth in greater detail below, Plaintiffs have not yet discovered the true identity of the Doe defendant in this case because they are awaiting a response to their subpoena that was served on the Doe defendant's Internet Service Provider ("ISP") requesting Defendant's identifying information.

1. Plaintiffs have not requested any previous continuances of the case management conference in this matter.

2. Plaintiffs filed the Complaint for Copyright Infringement against Defendant John Doe ("Defendant") on February 28, 2008. Plaintiffs did not have sufficient identifying information to name the defendant in the Complaint, but were able to identify Defendant by the Internet Protocol address assigned by Defendant's Internet Service Provider ("ISP"). In order to determine Defendant's true identity, Plaintiffs filed their *Ex Parte* Application for Leave to Take Immediate Discovery on February 28, 2008, seeking the Court's permission to serve a Rule 45 subpoena on the ISP. The Court entered an Order for Leave to Take Immediate Discovery on March 5, 2008, granting Plaintiffs' request to serve a Rule 45 subpoena on the ISP seeking identifying information including Defendant's true name, address, telephone number, e-mail address, and Media Access Control address.

3. Plaintiffs served their subpoena on the ISP on March 27, 2008. The original deadline for the ISP to respond to Plaintiffs' subpoena was April 30, 2008. The ISP has twice requested additional time to respond to the subpoena, and both times Plaintiffs have agreed. The response deadline is currently May 29, 2008.

4. Once the Defendant is identified, Plaintiffs will give Defendant written notice of their claim and attempt to contact Defendant and resolve the dispute. If the dispute cannot be resolved, Plaintiffs plan to file a First Amended Complaint naming Defendant individually and then proceed to serve process upon him or her.

5. Plaintiffs anticipate that a continuance of at least 90 days will be necessary to complete the early discovery process aimed at determining John Doe's true identity, attempt resolution of the dispute, and – if necessary – amend the complaint to name the defendant

1

individually, serve process on him or her, and for Defendant to file an answer prior to the case management conference.  Unlike a traditional case in which the identity of the defendant is known and efforts to resolve the dispute can begin prior to filing the suit (and efforts to effect service of process can begin immediately thereafter), in this case Plaintiffs first needed to file a John Doe lawsuit and attempt to obtain the Doe defendant's true identity through a subpoena to the ISP, a process which is not yet complete.

6.     Given the foregoing circumstances, and because there is not yet a known defendant with whom to confer, a case management conference is unnecessary at this time.  Plaintiffs therefore respectfully request that the Court continue the case management conference currently set for June 5, 2008 at 3:00 p.m. to September 4, 2008.

Dated:  May 27, 2008                                HOLME ROBERTS & OWEN LLP


By:  _____*/s/ Matthew Franklin Jaksa*___
     MATTHEW FRANKLIN JAKSA
     Attorney for Plaintiffs


### [PROPOSED] ORDER

Good cause having been shown:

**IT IS ORDERED** that the case management conference currently set for June 5, 2008 at 3:00 p.m. be continued to September 4, 2008.


Dated:  _____         By:  _____
                                        Honorable William H. Alsup
                                        United States District Judge

2

*EX PARTE* APPLICATION TO CONTINUE CASE MANAGEMENT CONFERENCE AND [PROPOSED] ORDER
case no. 3:08-cv-01192-WHA
#37894 v1